## Case No. 12,276.

### The SAM GATY.

[5 Biss. 190.] [1]

District Court, N. D. Illinois. Oct., 1870.

COLLISION—RULE OF DAMAGES—ABANDONMENT BY OWNER—ESTIMATED DAMAGES.

1. To a libel for collision, it is not a sufficient defense to set up that a sound boat would not have sustained any damage from the collision. Such allegation is mere conjecture.

2. The proper rule of damages is to allow the expense of raising the vessel and putting her in repair, with a reasonable allowance for loss of time and freight, and damage to the cargo.

3. Where the owner had, after collision, allowed the boat to lie until she became worthless, he can only recover under the above rule. He has no right to abandon the vessel and claim a total loss.

4. Where, in such case, the only evidence introduced was as to the total value of the boat, the court may either allow nominal damages, or estimate them from the court's knowledge of such cases and the general facts proven.

In admiralty. Libel by Bohan S. Sheppard, owner of the canal-boat E. R. Hooper, for damages caused by a collision.

Rae & Mitchell, for libellant.
George Willard, for respondent.

BLODGETT, District Judge. It appears from the pleadings and proofs in this case, that in March, 1868, the canal-boat E. R. Hooper was lying at the landing at Beardstown, on the Illinois river, next to a barge fastened to the shore, and that the steam-packet Sam Gaty, then engaged in the business of navigating on that river, while making a landing at Beardstown, struck against the canal-boat E. R. Hooper and crowded it against the barge so as to spring off some of the planks or siding of the canal-boat on the land side of it, causing a leak whereof it sunk that night in four or five feet of water. The witnesses differ as to the degree of care and skill used by those in charge of the Sam Gaty in making the landing, those for the libellant showing that she struck hard against the canal-boat, while those for the respondent insist she did not, and that the crushing in of the side of the canal-boat was wholly due to the rottenness of its timbers, and that a sound boat would not have sustained any damage from such a collision.

Whether a sound boat would have sustained any damage or not under the circumstances, is mere conjecture, and as all the witnesses agree that the steamer did strike so hard against the canal-boat as to cause it to leak at once and shortly after to sink, and it does not appear that there was any fault on the part of those in charge of the canal-boat, I am disposed to hold the steamer responsible for the damage done to the canal-boat by the collision.

It is difficult for me to determine, from the evidence, the amount of that damage.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

The witnesses for the libellant swear it was worth from twelve hundred to fifteen hundred dollars, but, under the circumstances, I do not think its value at the time is the fair rule of damages. The Baltimore, 8 Wall. [75 U. S.] 377.

The boat had been lying at Beardstown during the preceding winter and until the time of the collision, waiting, unsuccessfully, for business after the opening of navigation, because, it is stated by the witnesses, no insurance could be effected on cargoes shipped upon it. Whether that testimony, which seems to be hearsay, is true or not, it is clear from the evidence that no effort was made to raise or repair the canal-boat until the water in the river had so far subsided in the spring or early summer as to leave the boat high and dry on the shore, and there is before me no evidence that any effort was ever made to repair or use the boat again. The rule of damages in such a case of collision, is to allow the injured and innocent vessel "the expenses of raising the vessel and putting her in repair, with a proper allowance for loss of freight and for damage to the cargo and for the detention of the vessel for the time necessary to make the repairs and fit the vessel to resume her voyage." The Baltimore, 8 Wall. [75 U. S.] 387.

In this case, the item of damages seems to be the cost of raising the boat, the cost of repairing it, and proper compensation for the detention of the boat during the necessary time of raising and repairing it. The rule and the reason for it, are stated and considered with great fullness in the case cited above, but there is no evidence before me tending to show what is the amount of damages proper to allow the libellant. Under such circumstances, the court can do one of two things—either allow the libellant but nominal damages, because he has not proved the amount of his damages, or to make a conjecture and find, merely on the court's knowledge of such matters, as to what ought to be allowed the libellant.

In view of the fact that this case has been pending a long time, and that it will be difficult for the libellant to prove the damages to which he is entitled, I have decided to allow him one hundred dollars for the expense of raising the boat and the loss of time consequent upon the collision, and fifty dollars for the cost of repairing and injury done to its sides by the collision and to its hold by the water let into it—or $150 in all. I do this, because I think the libellant is entitled to some damages, but he has not proved how much, and the only rule to be applied in such a case is that stated by Judge Grier in The Harriet Rogers [nowhere reported], thus: "The amount it would cost to repair the damage, with some allowance for demurrage;" but the doctrine of abandonment of the injured vessel to the party causing the injury has no application in such a case, but the injured party must use all reasonable measures

to stop the progress of the damage caused by the collision.

Let there be a decree for libellant for $150.