## DELIA D. LAFAYETTE, Respondent, v. MICHAEL J. GAFFNEY, Appellant.

*Evidence — estimates as to the cost of repairing a boat injured by a collision cannot be admitted as evidence on a trial had after the repairs have been made.*

Upon the trial of this action, brought by the plaintiff to recover damages sustained by the sinking of a canal boat, which was alleged to have been caused by the defendant's tortious conduct, it was admitted that the boat "had been *temporarily* repaired and had been in use since the time of the accident." Upon the trial no evidence was offered to show the amount expended on these repairs, or the time consumed in making them, but, against the objection of the defendant, the plaintiff was permitted to put in evidence estimates, made before any repairs were undertaken, of the cost of repairing the boat and the time that would be required to make such repairs.

*Held,* that, as the admission of the fact that the boat was in use could have no other interpretation than that she was in proper condition to carry on the business to which she was to be devoted, and that the repairs, though designated as temporary, were, in truth and in fact, substantial, the same effect must be given to the admission as though the word "temporarily" had not been employed.

That while, in cases in which repairs have not been made, the estimates of persons having the capacity to make them are competent to prove the item, yet when the repairs have been made, the estimates become secondary and proof of the expense must be given.

That it was error to admit the evidence in this case.

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for the sinking of a canal boat called the "Delia D. Lafayette," owned by plaintiff. Upon the trial it was admitted by the plaintiff's counsel: "That the boat Lafayette had been temporarily repaired and had been in use since the time of the accident. Upon the trial no evidence was offered to show the amount expended on these repairs, or the time consumed in making them; but against the objection of the defendant, the plaintiff was permitted to put in evidence estimates made before any repairs were undertaken, of the cost of repairing this boat and the time that would be required to make those repairs.

*George Bethune Adams,* for the appellant.

*Hyland & Zabriskie,* for the respondent.

BRADY, J.:

The plaintiff sought in this action to recover damages sustained by the sinking of the canal boat "Delia D. Lafayette," which was caused it was alleged by the defendant's tortious conduct. The trial was distinguished by a severe conflict of evidence on all the material issues springing from it, as well as upon the controlling or real issue which was as stated by the learned justice presiding at the trial to be whether the defendant induced the plaintiff to send the boat to the wharf where the injury was sustained, or requested her to send it there and thereupon, having failed to unload it within eight days, caused it to be placed in a dangerous position where it was struck by ice and sunk, and without any negligence on the part of the plaintiff. This issue was the result of statements by the witness for the plaintiff, that she refused to take the boat to the place indicated, at the request of the defendant, until he promised to indemnify her against any injury from floating ice, of which apprehension was entertained. The contract was made with the sailing master or captain, but in her hearing. The vessel was loaded with coal and her hull and cargo were insured. She was raised after the injury and repaired, and some money was received from the insurance company in which the insurance was secured, but it was not enough, it was averred, to compensate the plaintiff for the loss sustained by injuries to hull and cargo.

Several questions relating to the latter item have been suggested and argued, as well as to the former item, but in the view that is taken of one exception to evidence and to the charge on the same subject, it is thought unnecessary to consider them. Sufficient for the day is the evil thereof. The boat as already said, was raised and repaired. The stipulation on that subject is not as disingenuous as it might be, because of the word "temporarily," but it is connected with the admission that the boat had been in use since the accident, that is up to the time of the trial, as appears from the record and is sufficient for the purpose.

The conclusion is "that the boat Lafayette had been temporarily repaired and had been in use since the time of the accident." The object or design of this form may or may not be determined correctly as matter of impression, but the effect must be the same as if the word temporarily had not been employed. The fact that

the boat was in use can have no other interpretation than that she was in proper condition to carry on the business to which she was to be devoted, and that the repairs, though designated as mentioned, were in truth and in fact substantial. If they were in the proper sense temporarily made, which would indicate that they were imperfectly and insufficiently made, and only *pro tempore*, as contradistinguished from fully and thoroughly made, it was the duty of the plaintiff to show it, and thus lay the foundation for the proof by estimate, which then would have been admissible, as we shall see.

This was not done, and though such a thought may be regarded as purely hypothetical, it nevertheless seems that the word temporarily was used in order to avoid the objection that might be successful against the proof of an estimate by which it was sought to show the necessary expenditure for repairs.

This was an important element of the controversy, for if the defendant, on the evidence, was found to be liable by the verdict of the jury on the main issue, he would be responsible, as one item of damage for the cost of the repairs such as would put the boat in the same condition as it was when the injury was sustained. The only proof on that subject given upon the trial was the estimate made on the subject, and to which objection and exception was taken.

There can be no doubt that if the repairs be not made, the estimates of persons having the capacity to make them are competent to prove the item, but when the repairs have been made the estimates become secondary and the proof of the expense must be given. There is no reason why this rule should be departed from in such a case as this. There do not appear to have been any extraordinary circumstances attending the repairs, whatever they were, which excuse the presentation of the proof mentioned, and as the estimate was placed at $2,000, it became an important, if not controlling, feature on the subject discussed. It may have exceeded the amount actually spent. There is no pretense that it was not sufficient for the purpose. The adjudications bearing upon the question intimate, if they do not affirm, the proposition that estimates are valueless when the repairs have been made, and are therefore susceptible of the better proof — indeed the certain proof of the expense incurred. (*The Sam Gaty*, 5 Bissell, 190; *Gedney v.*

*The Minnie,* 26 Fed. R., 860; *The City of Chester,* 27 id., 399; *The Mayflower,* 1 Brown's Ad., 393; *The Schooner Catherine* v. *Dickinson,* 17 How. [U. S.] Rep., 170.)

In the last case it was said: "But where the vessel has been raised and repaired, or is undergoing repairs, as in the case of the *San Louis,* there is no necessity for resorting even to the opinion and estimates of experts, as to the probable expenses, for as to these the reasonable expenses incurred in raising and repairing her are matters of fact that may be ascertained from the parties concerned in the work."

The defendant covered the objectionable evidence by exception duly taken when the question as to the estimates was asked, and also by requests to charge as follows:

"XVII. Estimates of the amount required to repair her, made before she was repaired, and not afterwards expended or incurred, are not items of damage against the defendant.

"XVIII. There is no evidence in the case of sums expended for repairs, therefore, this item cannot be taken into consideration by the jury."

And, further, by an exception to that part of the charge in which the jury were instructed that they were to determine, upon all the evidence, what the cost of the repairs would have been to restore the boat to the condition in which she was before the accident.

In a controversy so marked as this was upon the trial by antagonisms of evidence, the rules should be strictly enforced to prevent injustice. Indeed, it may be said that when such a spectacle is presented comparatively insignificant circumstances become important factors, and have weight sufficient to formulate serious results And it may be said, further, that in such a case estimates should never be permitted to usurp the place of positive testimony when it can be furnished, and which, if allowed, may favor a speculative or hypothetical award of damages.

For the reasons assigned the judgment should be reversed.

Ordered accordingly, with costs to the appellant to abide the event.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.